**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-02194-RM

RUBY V. MARTINEZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiff Ruby V. Martinez's ("Plaintiff") request for judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) Plaintiff challenges the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, by which she denied Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). An Administrative Law Judge ("ALJ") ruled Plaintiff was not disabled within the meaning of the Act and therefore not entitled to DIB.

Defendant provided the Court with the administrative record. (ECF Nos. 10; 10-1; 10-2; 10-3; 10-4; 10-5; 10-6; 10-7; 10-8; 10-9; 10-10; 10-11; 10-12; 10-13; 10-14; 10-15; 10-16; 10-17; 10-18; 10-19.) The parties have fully briefed the matter and it is ripe for adjudication. (ECF Nos. 17; 21; 24.)

For the reasons set forth below, the Court vacates Defendant's denial of Plaintiff's DIB application and remands for further proceedings consistent with this Order.

## I.  BACKGROUND

Plaintiff applied for DIB in May 2011, alleging she was disabled as of March 1, 2005, due to the following conditions that limit her ability to work: shoulder injury, carpal tunnel, diabetes, and breast cancer recovery. (Admin. R. ("Tr.") 120-23, 143.) After Plaintiff's application was initially denied, Plaintiff requested a hearing before an ALJ. (Tr. 75-84, 90.) The ALJ denied Plaintiff's application. (Tr. 15-30.) Plaintiff requested review of the ALJ's decision and, in June 2014, the Appeals Council denied such review. (Tr. 1-5, 13-14.) Plaintiff timely requested judicial review before the Court.

### A.  Background and Relevant Medical Evidence

Plaintiff was born in 1963. (Tr. 122.) Plaintiff completed twelfth grade. (Tr. 144.) Plaintiff's past relevant work, as defined in the Dictionary of Occupational Titles, includes: cashier, housekeeper, retail manager, and bank teller. (Tr. 68.)

Plaintiff claims she became disabled on March 1, 2005, due to a combination of physical and mental health impairments. (Tr. 120-23, 143, 1348-52, 1353-57.)

#### 1.  Physical Impairments

In March 2005, Plaintiff injured her right shoulder. (Tr. 287, 1276.) In August 2005, Rick Cunningham, M.D., treated Plaintiff's shoulder injury. (Tr. 287.) In November 2005, Plaintiff underwent shoulder surgery for shoulder impingement syndrome and for a rotator cuff tear. (Tr. 291-92, 294, 381-83.) Post-operative diagnosis was right shoulder chronic impingement syndrome and partial thickness rotator cuff tear. (Tr. 382.) In March 2006, Plaintiff had a second shoulder injury. (Tr. 300, 378-80.) In August 2006, Dr. Cunningham

opined that Plaintiff had reached maximum medical improvement. (Tr. 304.) Also in August 2006, Randall Burris, M.D., opined that Plaintiff had the following permanent restrictions: lift 20 pounds, lift overhead 10 pounds, push 17 pounds, and pull no pounds. (*See* Tr. 273, 1095.)

In September 2006, Plaintiff was diagnosed with breast cancer. (*See* Tr. 1214.)

In February 2007, Plaintiff was undergoing chemotherapy for breast cancer. (Tr. 280.)

In February 2007, Plaintiff established care with David Reinhard, M.D. (Tr. 279-81.) Plaintiff saw Dr. Reinhard approximately every month throughout 2007. (Tr. 265-76.) In September 2007, Dr. Reinhard opined that Plaintiff had reached maximum medical improvement with respect to her shoulder complaints and that "[s]he does not require any permanent work restrictions." (Tr. 267.) In November 2007, Dr. Reinhard noted that David Yamamoto, M.D., opined that Plaintiff was limited to lifting 20 pounds, pushing and pulling 10 pounds, and that she should avoid above the shoulder work "for more than 5 minutes per hour." (Tr. 265.)

In May 2008, Dr. Cunningham operated on Plaintiff's shoulder again. (Tr. 306, 308.) In August 2008, Plaintiff was referred to a consultation to see whether her shoulder pain was caused by her neck. (Tr. 313-14.) Scott Raub, D.O., examined Plaintiff and reviewed medical records. (Tr. 315-20.) Dr. Raub concluded that there was likely nothing wrong with her cervical spine. (Tr. 315-20.)

In December 2008, Paul Abbott, M.D., examined Plaintiff. (Tr. 325-26.) In January 2009, Plaintiff underwent another shoulder surgery. (Tr. 327, 329.) In April 2009, Dr. Abbott stated that Plaintiff was at maximum medical improvement (Tr. 333) and opined that Plaintiff should not lift, carry, push, and pull more than five pounds and rarely reach overhead or away from her body without weight (Tr. 456.)

In June 2009, Dr. Reinhard opined that Plaintiff could lift, push, and pull five pounds and occasionally lift overhead. (Tr. 257-58.) Dr. Yamamoto, in June 2009, reviewed Plaintiff's records and examined her. (Tr. 1390-94.) Dr. Yamamoto agreed with Dr. Reinhard's limitations. (Tr. 1393-94.)

In October 2009, Terrell Joseph, M.D., treated Plaintiff. (Tr. 335-38.) Dr. Joseph diagnosed Plaintiff with carpel tunnel syndrome. (Tr. 341.) In January 2010, Plaintiff underwent carpal tunnel surgery. (Tr. 348, 369-70.) Plaintiff, with respect to her carpal tunnel syndrome, reached maximum medical improvement in December 2010. (Tr. 361.) Dr. Joseph opined that Plaintiff was restricted from lifting and carrying more than 10 pounds. (Tr. 419, 430-38.)

In February 2011, Plaintiff had been diagnosed with diabetes. (Tr. 1161.)

In June 2011, Sean Griggs, M.D., evaluated Plaintiff. (Tr. 1338-39.) Dr. Griggs found Plaintiff to suffer from right should pain and carpal tunnel syndrome. (Tr. 1339.)

In February 2012, Dr. Reinhard opined that Plaintiff could sit one hour at a time and at least six hours per day and stand one hour at a time and four hours per day. (Tr. 1370.) Dr. Reinhard opined that Plaintiff could occasionally lift less than 10 pounds and rarely lift 10 pounds; use her right hand and fingers 10% of the day, but never reach with her right arm; and use her left hand and fingers 80% of the day, but reach on the left only 20% of the day. (Tr. 1371.)

At the hearing, Plaintiff testified that she could lift "like" 10 pounds with her right arm and "like" 20 pounds with both arms. (Tr. 36.) Plaintiff also testified that she hard right carpal surgery and had problems using her right hand. (Tr. 41-42.) Plaintiff testified that she could only walk two blocks because of back pain. (Tr. 45-46.) As of June 3, 2011, Plaintiff was taking

4

the following medications: Celebrex, Ibuprofen, Isometheptene, Metformin, Orphenadrine, Vimovo, and Zolpidem. (Tr. 146.)

2. <u>Mental Health Impairments</u>

In November 2011, Burt Furmansky, M.D., performed a psychiatric evaluation of Plaintiff. (Tr. 1353-57.) Dr. Furmansky diagnosed Plaintiff with major depressive disorder; panic disorder; and generalized anxiety disorder. (Tr. 1356.)

In January 2012, Dr. Furmansky opined that Plaintiff had no impairment with respect to daily living activities; minimal impairment in her thinking, concentration, and judgment; and moderate impairment in adapting to job performance requirements. (Tr. 1348.)

In February 2012, Dr. Reinhard diagnosed Plaintiff with depression and anxiety. (Tr. 1369.)

B. **The ALJ's Decision**

On October 16, 2012, ALJ Paul R. Armstrong issued his decision in this matter denying Plaintiff DIB. (Tr. 15-30.) In reaching his decision, ALJ Armstrong followed the five-step sequential evaluation process for evaluating disability claims. (Tr. 20-30.) ALJ Armstrong found that Plaintiff has met the disability insured status of the Act through March 31, 2013 and has not engaged in substantial gainful activity since March 1, 2005, the alleged onset date. (Tr. 20.) ALJ Armstrong found that Plaintiff has the following severe impairments: "right rotator cuff injury, status-post four operative procedures; degenerative disc disease; right carpal tunnel syndrome, status-post two operative procedures; and residuals of breast cancer." (Tr. 17-22.) ALJ Armstrong found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 of the Social Security Regulations, specifically considering Listings 1.02 and 11.14. (Tr. 22-23.) ALJ Armstrong

found Plaintiff's residual functional capacity ("RFC") to be as follows: "to perform a less than full range of light work as defined in 20 CFR 404.1567(b) except the claimant is limited to lifting no more than 10 pounds with both arms and able to do no overhead work bilaterally." (Tr. 23-28.) ALJ Armstrong found that Plaintiff has past relevant work and that she is able to perform such work. (Tr. 28-29.)

Based on the vocational expert's testimony, which in turn was predicated on ALJ Armstrong's hypotheticals and in consideration of Plaintiff's age, education, and work experience, ALJ Armstrong, alternatively, found that Plaintiff could perform other jobs that exist in significant numbers in the national economy, including: ticket taker. (Tr. 29.)

Therefore, ALJ Armstrong concluded that Plaintiff was not disabled. (Tr. 30.)

### C. Procedural History

Plaintiff appealed the ALJ's decision at issue in this matter. (Tr. 13-14.) On June 14, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5.) Plaintiff appeals that decision by bringing this lawsuit. (ECF No. 1.)

## II. LEGAL STANDARDS[1]

### A. Standard of Review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

---

[1] C.F.R. citations are to part 404—which addresses DIB claims.

Although a district court will "not reweigh the evidence or retry the case," it "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). As the Tenth Circuit Court of Appeals observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476 (10th Cir. 1993), the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* at 479-480 (citations omitted). This duty exists even when the claimant is represented by counsel. *Id.* at 480 (citation omitted).

Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal.").

### B.   Evaluation of Disability

The criteria to obtain DIB under Title II of the Act are that a claimant meets the insured status requirements, is younger than 65 years of age, files an application for a period of disability, and is under a "disability" as defined under Title II of the Act. 42 U.S.C. §§ 416(i) and 423(a); *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). In addition, the individual's disability must have begun before his or her disability-insured status has expired. 20 C.F.R. §

404.101; Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *8 (1983).

The Act defines an individual as disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A); *Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

There is a five-step sequence for evaluating a disability. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (citation omitted). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id*. at § 404.1520(c). Third, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id*. at § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to fourth step. *Id*. at § 404.1520(e). Fourth, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *accord* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, the

Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity ("RFC"), age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987) (citation omitted); *see also* 20 C.F.R. § 404.1520(g).

**III.    ANALYSIS**

Plaintiff raises numerous issues for the Court's consideration, including that: (1) the ALJ erred in his RFC determination, specifically that the ALJ failed to consider all of Plaintiff's impairments; failed to assess properly Plaintiff's credibility; failed to assess properly certain medical opinions (ECF No. 17 at 49-52); (2) the ALJ erred in his evaluation of certain medical opinions (ECF No. 17 at 52-53); (3) the ALJ erred in his credibility determination with respect to Plaintiff (ECF No. 17 at 53-57); and (4) the ALJ failed to include all of Plaintiff's limitations in the hypothetical posed to the vocational expert (ECF No. 17 at 57-58).

Because the Court finds the ALJ committed legal error due to his failure to discuss adequately and state the weight afforded to the medical opinion of Dr. Abbott, the Court VACATES Defendant's decision.

Because this error alone requires remand, the Court does not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, a court properly declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."). The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was

considered. The Court does not intend, by the opinion, to suggest the result that should be reached on remand; rather, the Court encourages the parties (as well as the ALJ) to consider all of the evidence and the issues anew.

> A. **The ALJ Committed Reversible Error by Not Stating How Much Weight He Gave to Dr. Abbott's Opinion and by Failing to Discuss Adequately that Opinion.**

The ALJ is required to weigh every relevant medical opinion he or she receives. *See* 20 C.F.R. §§ 404.1527(c)-(d); *Watkins*, 350 F.3d at 1301 (citation omitted); *see* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (providing that an ALJ must explain why a medical opinion was not adopted). "It is the ALJ's duty to give consideration to all the medical opinions in the record." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(c), 927(c)); *see also Lauxman v. Astrue*, 321 F. App'x 766, 769 (10th Cir. 2009) (unpublished) (holding that "an ALJ must consider the opinion of every medical source and provide specific, legitimate reasons for rejecting it"); *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003); SSR 96-5p, 1996 WL 374183, at * 1 ("opinions from any medical source about issues reserved to the Commissioner must never be ignored"). The ALJ "must also discuss the weight [s]he assigns to such opinions." *Keyes-Zachary*, 695 F.3d at 1161 (citing 20 C.F.R. §§ 404.1527(e)(2)(ii)). "[W]hen deciding what weight to assign to an opinion, an ALJ must consider the factors set forth at 20 C.F.R. []§ 404.1527(d). . . ." *Lauxman*, 321 F. App'x at 769; *see also Wade v. Astrue*, 268 F. App'x. 704, 706 (10th Cir. Jan. 23, 2008) (unpublished). "The opinion of an examining physician or psychologist is generally entitled to less weight than that of a treating physician or psychologist, and the opinion of an agency physician or psychologist who has never seen the claimant is generally entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).

Medical opinions are defined as "'statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions.'" *Fuller v. Astrue*, 766 F. Supp. 2d 1149, 1156 (D. Kan. 2011) (citing 20 C.F.R. § 404.1527(a)(2)). Medical opinions may not be ignored and all medical opinions must be evaluated by an ALJ in accordance with factors contained in the regulations. *Id.* (citing 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, at *2-3 (July 2, 1996)). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins*, 350 F.3d at 1301 (citation omitted); 20 C.F.R. §§ 404.1527(d)(2-6). As to non-treating physicians, the ALJ is still required to consider their opinions and to provide specific, legitimate reasons for rejecting it. *Doyal*, 331 F.3d at 764; SSR 96-5p, 1996 WL 374183, at *1. Although the ALJ need not discuss each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2008), he "must be 'sufficiently specific' to permit meaningful" review. *Guilano v. Colvin*, 577 F. App'x 859, 861-62 (10th Cir. 2014) (unpublished) (citation omitted). An ALJ may not reject certain medical opinions on the presumption that those providers were paid for the report or obtained at the request of a claimant's attorney. *See Crowder v. Colvin*, 561 F. App'x, 740, 743 (10th Cir. 2014) (unpublished) (citation omitted).

11

In this matter, on April 27, 2009, Dr. Abbott, a treating physician, opined that Plaintiff had permanent restrictions of no lifting, carrying, pushing, pulling of more than five pounds. (Tr. 456.) Dr. Abbott further opined that Plaintiff should rarely reach overhead or reach away from her body. (Tr. 456.) The ALJ did not evaluate this opinion. (*See generally* Tr. 18-30.) The ALJ did not state how much weight he gave to Dr. Abbott's opinion regarding Plaintiff's functional restrictions. (*See generally* Tr. 18-30.) The ALJ, by failing to discuss and state the weight afforded to Dr. Abbott's opinion, committed reversible error. 20 C.F.R. § 404.1527(e)(2)(ii) ("[T]he administrative law judge must explain in the decision the weight given to the opinions . . . of any treating, non-treating and non-examining sources. . . ."); *see Keyes-Zachary*, 695 F.3d at 1161 (citation omitted); *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion"); *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (holding ALJ's listing of factors he considered was inadequate when the court was "left to speculate what specific evidence led the ALJ to [his conclusion]").

"Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'" *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quoting *Clifton,* 79 F.3d at 1009-10). In this matter, the ALJ did not discuss Dr. Abbott's medical opinion regarding Plaintiff's physical impairments. (*See generally* Tr. 18-30.) The ALJ, failed to discuss how he resolved conflicts in the evidence as contained within Dr. Abbott's opinion (Tr. 456) in comparison to Dr. Reinhard's opinion (Tr. 1369-72). (*See generally* Tr. 18-30.)

Defendant concedes that the ALJ did not discuss Dr. Abbott's medical opinion. (ECF No. 21 at 16.) Defendant, however, argues that because Dr. Abbott's opinion is "consistent with the ALJ's decision," the matter should not be remanded. (ECF No. 21 at 16-17.) The Court does not find the ALJ's RFC determination to be consistent with Dr. Abbott's opinion. Specifically, the RFC limited Plaintiff "to lifting no more than 10 pounds with both arms and able to do no overhead work bilaterally." (Tr. 23.) The RFC (Tr. 23), unlike Dr. Abbott's opinion (Tr. 456), is silent as to Plaintiff's five pounds limitations in "carrying" and "pushing/pulling." Further, Defendant argues that the "ALJ found that Plaintiff could lift 10 pounds with both arms *together*." (ECF No. 21 at 16 (emphasis in original).) While it is accurate that the ALJ found that Plaintiff could lift 10 pounds with both arms together (Tr. 23), Dr. Abbott made no such finding in the restrictions he opined were necessary for Plaintiff (*see generally* Tr. 456). The Court notes that although Dr. Abbott was providing a work related medical diagnosis for chronic right shoulder pain, the opinion is silent as to the weight that could be lifted with *both* arms. (Tr. 456.) The ALJ's decision must be evaluated "based solely on the reasons given stated in the decision." *Robinson*, 366 F.3d at 1084. "'Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.'" *Id*. at 1084-85 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (holding that a post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance and that judicial review is limited to the reasons stated in the ALJ's decision).

As such, the ALJ's failure to state the weight afforded to and to discuss adequately Dr. Abbott's opinion constitutes legal error.

### B. The ALJ's Error Is Not Harmless

Harmless error analysis is applicable if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005). This analysis is applied cautiously in the administrative context. *Id*. at 733. Where the Court "can follow the adjudicator's reasoning in conducting [its] review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary*, 695 F.3d at 1166. In this matter, Defendant advocates that the Court apply harmless error analysis. (ECF No. 21 at 16-17.) The Court, however, does not find the harmless error analysis applicable in this matter.

The Tenth Circuit has previously held that

> if the ALJ's RFC is 'generally consistent' with the findings in a medical opinion, or if the RFC is "more favorable" to the claimant than the opinion's findings, then there is no reason to believe that a further analysis or weight of the opinion could advance the claimant's claim of disability. In such a case, the error is harmless because the claimant cannot show prejudice stemming from the ALJ's failure to give greater weight to the opinion.

*Thompson v. Colvin*, 551 F. App'x 944, 948 (10th Cir. 2014) (unpublished) (internal alterations omitted and citation omitted). In this matter, as discussed previously, the ALJ's RFC determination (Tr. 23) is not more favorable, in all respects, to Plaintiff than Dr. Abbott's opinion (Tr. 456). Nor does the Court find the ALJ's RFC determination (Tr. 23) consistent with Dr. Abbott's opinion (Tr. 456). Specifically, the ALJ's RFC determination (Tr. 23) does not address Dr. Abbott's opinion that Plaintiff has a five pound limitation in carrying and pushing/pulling (Tr. 456). And it is less than clear how, if at all, the RFC accounts for a 5 pound-one arm lifting limitation in a 10 pound-two arm RFC.

Thus, the ALJ's failure to state the weight afforded to and adequately discuss Dr. Abbott's opinion is not harmless error.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) VACATES Defendant's denial of disability insurance benefits; and

(2) REMANDS to Defendant for further proceedings as directed in this Order pursuant to sentence four in 42 U.S.C. § 405(g).

DATED this 1st day of March, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge